**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

SION ABADI,                                                      Civil Action No.:

                    Plaintiff,

    -against-                                          **COMPLAINT FOR VIOLATIONS**
                                                                                  **OF THE TELEPHONE**
                                                                                 **CONSUMER PROTECTION ACT**

CITIBANK, N.A and MACY'S, Inc.,
                              Defendants.
------------------------------------------------------------------X

        Plaintiff, SION ABADI ("Plaintiff"), on behalf of himself, by and through his attorneys, M. Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C., Of Counsel, as and for his Complaint against the Defendants, CITBANK, N.A. and MACYS, Inc..and (hereinafter referred to as "Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

    1.    Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendants' violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

    2.    Defendants are subject to, and required to abide by, the laws of the United States and the State of New Jersey, which include the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, et seq. ("TCPA") and its related regulations, including 47 C.F.R. §64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the Federal Communications Commission to

implement and enforce the TCPA, the telemarketing regulations issued by the Federal Trade Commission, 16 C.F.R. §310.4(d)(2).

## PARTIES

3.   Plaintiff SION ABADI is a resident of the State of New Jersey, residing at 13 Ponderosa, Lakewood, New Jersey 08701.

4.   Defendant CITIBANK, N.A. is a financial corporation with an address 399 Park Ave, New York, NY 10043.

5.   Defendant MACY'S, Inc. is a corporation with an address at 151 West 34th St., NY NY 10001.

## JURISDICTION AND VENUE

5.   The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 47 USC Section 227 et.seq. and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6.   Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7.   Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8.   The Plaintiff, prior to July 2nd, 2016 received automated dialed calls and text messages to his cell phone number 917 282 3333 from the Defendants, for his wife Sofit Abadi's account(s) with the Defendants.

9. Plaintiff, on or about July 2nd, 2015 spoke with the Defendants and instructed them to discontinue calling his cell phone with an autodialer and to only call by means of a live person.

10. The Defendants thereafter contacted the Plaintiff approximately 700 times by means of an autodialer, as well as by sending at least 500 texts to Plaintiff's cellular number.

## FIRST CAUSE OF ACTION
*(Violations of the TCPA)*

11. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "10" herein with the same force and effect as if the same were set forth at length herein.

12. According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice--- (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call us made solely to collect a debt owed to or guaranteed by the United States."

It has been determined that the statute language adding "or" any service for which the called party is charged, is not accurately interpreted to require that Plaintiff must claim that Defendant's calls incurred charges. See *Breslow c. Wells Fargo Bank, N.A.* 857 F. Supp 2d 1316, 1319 (S.D. Fla. 2012) and *Cavero v. Franklin Collection*

Serv., Inc., 2012 WL 279448 (S.D. Fla. 2012). A number of Courts have addressed the issue of a Plaintiff being charged with all agreeing that the TCPA does not require a Plaintiff who received calls on his/her *cell phone* to allege that he/she was charged for the call. For example, in Manno v.Healthcare Revenue Recovery Grp., LLC, 289 F.R.D. 674 (S.D. Fla. 2013), the Court held that "The TCPA does not require the plaintiff to be `charged for' the calls in order to have standing to sue." In Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242 (11th Cir. 2014), the Court stated: If the phrase `any service for which the called party is charged for the call' requires that the party be charged per call for the `paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service' in order for the party to prohibit autodialed calls, then the listing of these services would be superfluous because they are already included under them 'any service for which the called party is charged.' On the other hand, reading `any service for which the called party is charged for the call' as an additional item beyond any call to a `paging service, cellular telephone service, specialized mobile radio service, or other common carrier service,' regardless of whether the called party is charged, gives independent meaning to each term."

It is thus clear from the plain language of the TCPA, and its considerable body of resultant case law that the TCPA is violated when a cellular telephone is called with an automatic dialer without consent, even if no charges are alleged or incurred.

13.    With the prerecorded automated auto dialer calls to Plaintiff's cell phone commencing on or about May 20th, 2015, the Defendants violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

14. The Defendants, having been informed that Plaintiff requested that no further autodialed calls be made, willfully continued to harass Plaintiff, violating the TCPA at least seven hundred (700) times to date, which calls are ongoing.

15. As a result of Defendants' violations of the TCPA, Plaintiff has been damaged and is entitled to damages in accordance with the TCPA.

## DEMAND FOR TRIAL BY JURY

16. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendants as follows:

A. For statutory damages provided and pursuant to 47 USC Section 227 et.seq.;

B. For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendant's willful or knowing violations of the TCPA.

C. A declaration that the Defendants' practices violated the TCPA;

D. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:   July 6, 2017

Respectfully submitted,

_____
EDWARD B. GELLER, ESQ.
EDWARD B. GELLER, ESQ., P.C., OF COUNSEL

TO

M. HARVEY REPHEN & ASSOCIATES, P.C.
15 LANDING WAY
BRONX, NEW YORK  10464
TEL:(914)473-6783

*Attorney for the Plaintiff Sion Abadi*

To: Citibank
*399 Park Ave,
New York, NY 10043.
(Via Prescribed Service)*

MACYS
151 West 34th St.,
NY NY 10001
(Via Prescribed Service)

Clerk of the Court,
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608

(*Via Electronic Court Filing*)